**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

HABIB KHAN,

Petitioner,

v. No. 26-cv-0692-WJ-GJF

WARDEN, Cibola County Correctional Center, KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security, and PAM BONDI, in her official Capacity as Attorney General of the United States,

Respondents.

**FINAL ORDER OF DISMISSAL WITHOUT PREJUDICE FOR LACK OF JURISDICTION**

**THIS MATTER** is before the Court *sua sponte* on the Petition for Writ of Habeas Corpus **[Doc. 1]** and the *Ex Parte* Motion for Temporary Restraining Order **[Doc. 16]** filed by Petitioner, Habib Khan. The Court will dismiss the Petition and this proceeding without prejudice for lack of habeas corpus jurisdiction.

The documents attached to Petitioner's Ex Parte Motion for a temporary restraining order state that Petitioner is detained at an immigration detention facility in Alvarado, Texas. **[Doc. 16-2]**. The Court has an ongoing duty to determine the existence of proper jurisdiction and must dismiss the action if, at any time, it determines there is a lack of jurisdiction. *Tuck v. United Services Auto. Ass'n.* 859 F.2d 842, 844 (10th Cir. 1988); *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). A habeas corpus petition pursuant to 28 U.S.C. § 2241 must be brought in the federal district of the petitioner's detention. *Rumsfeld v. Padilla,* 452 U.S. 426, 442-43 (2004). Therefore, because Petitioner is not detained in the District of New Mexico but, instead,

is detained at a facility in Alvarado, Texas, this Court lacks habeas corpus jurisdiction over the Petition.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus **[Doc. 1]** and all claims this case are **DISMISSED without prejudice** for lack of jurisdiction.

/s/
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE